IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

PAUL L. SCHLIEVE,

                                                                                        ORDER

                Plaintiff,

                                                                                        15-cv-95-bbc

     v.

UNITED STATES OF AMERICA,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Paul L. Schlieve, a prisoner at the Federal Correctional Institution in Oxford, Wisconsin, has filed a motion under Fed. R. Crim. P. 41(g) in criminal case 14-cr-18-bbc, <u>United States of America v. Brian Keith Small</u> for the return of property. He alleges that officials at the prison confiscated some of his property and turned it over to the United States Attorney's Office for the Western District of Wisconsin as part of the investigation of the criminal case. Believing that Schlieve could not file a Rule 41 motion because he was not a defendant, I directed the clerk of court to open a new civil case. However, a review of the rule suggests that it is broad enough to apply to Schlieve because he alleges that he is "[a] person aggrieved by [a] . . . deprivation of property" related to the criminal case. E.g., <u>United States v. White</u>, No. CRIM. PWG-13-0436, 2014 WL 3898378, at *4 (D. Md. Aug.

1

7, 2014) ("[M]any courts have read the term 'person aggrieved' in Rule 41(g) to incorporate an independent cause of action for third parties similarly to move for the return of property if the district court, in its discretion, exercises its general equitable jurisdiction."); United States v. Rogers, No. CRIM.109CR441TWT/AJB, 2010 WL 1872855, at *4 (N.D. Ga. Apr. 12, 2010) (assuming that "Fed. R. Crim. P. 41(g) ordinarily is the appropriate provision for a third party seeking the return of property held by the government in a criminal case"). Further, it does not appear that 21 U.S.C. § 853 applies because the government is not claiming that the property at issue is subject to forfeiture.

Accordingly, I am directing the clerk of court to close this case. Unless the government objects in writing and can show that Schlieve cannot proceed under Rule 41, I will resolve Schlieve's request for return of his property in the context of the criminal case.

Entered this 12th day of March, 2015.

BY THE COURT:

/s/
BARBARA B. CRABB
District Judge